IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY ROMERO,

    Petitioner,

v.                                           Case No. 5:25cv48/TKW/MAL

WARDEN F.C.I. MARIANNA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before me on Anthony Romero's petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking one year of sentencing credit for his participation in the Residential Drug Abuse Program (RDAP). ECF No. 1. The Warden responded in opposition, and Romero filed a reply. After careful consideration of the record and relevant law, I recommend the § 2241 petition be denied because Romero is not entitled to relief.

    **I.**    **BACKGROUND**

Romero is an inmate currently in custody at the Federal Correctional Institution in Marianna, Florida with a projected release date of December 30, 2026. *See* https://www.bop.gov/inmateloc/. He was sentenced to a term of 75 months' imprisonment after he pleaded guilty to count one of his indictment—conspiracy to distribute and possess with intent to distribute 40 grams or more of a mixture and

substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi) and 846 in the District of Colorado. Judgment in a Criminal Case, 1:22-cr-166-GPG, District of Colorado, ECF No. 63. His remaining charges in count two (using mail to commit his drug crime) and count three (possession of a firearm by a convicted felon) were dismissed as part of the plea agreement. ECF No. 15-1 at 11 (plea agreement from District of Colorado); Indictment, 1:22-cr-166-GPG, District of Colorado, ECF No. 19. As specifically and correctly predicted in his plea agreement, Romero received a 2-level increase under § 2D1.1(b)(1) of the sentencing guidelines because he possessed a firearm as part of the offense conduct in the drug conspiracy charge in count one. ECF No. 15-1 at 11; ECF No. 1 at 8.

In the petition, Romero raises two grounds for relief. First, Romero argues he should receive one year off his sentence as an incentive for completing RDAP just like any other eligible participant in RDAP. ECF No. 1 at 7. He also complains he was threatened with "refusal to program" status if he did not participate in RDAP. *Id.* Second, Romero argues that he should not be denied the one-year reduction even though he received a 2-level sentencing guideline adjustment for possession of a firearm because his conviction is for a non-violent drug conspiracy and the dismissal of his separate charge for possession of a firearm is tantamount to an acquittal. *Id.* at

8. The Warden argues that BOP regulations preclude Romero from receiving the sentencing credit because of the 2-level sentencing guidelines adjustment for possession of a firearm.

## II.  DISCUSSION

A sentence reduction of up to one year under 18 U.S.C. § 3621(e) for completion of the RDAP program "is left to the unfettered discretion of the BOP." *Cook v. Wiley*, 208 F.3d 1314, 1322-23 (11th Cir. 2000).[1] Inmates have no constitutional right to, or other protected liberty interest in, either participating in RDAP or receiving a sentence reduction for completing the program. *Id*.

The BOP's denial of a sentence reduction for Romero is consistent with the regulation regarding eligibility for early release, which provides that inmates are not eligible for early release if their current felony conviction "*involved* the carrying, possession, or use of a firearm or other dangerous weapon." 28 C.F.R. § 550.55(b)(5) (emphasis added). The BOP's Program Statement for Categorization of Offenses provides further guidance. Under the program statement, an inmate like Romero, whose current offense is a controlled substance conspiracy under 21 U.S.C. § 846 with a sentencing enhancement under § 2D1.1 of the sentencing guidelines for

---

[1] The statute affords the BOP the authority to judge whether an inmate has "successfully completed" an RDAP program, and upon such successful completion, the custodial portion of the inmate's sentence "may be reduced" by no more than one year. 18 U.S.C. § 3621(e)(2)(A) and (B).

possession of a firearm as an offense characteristic, is precluded from receiving early release. *See* BOP Program Statement 5162.05 at § 4, pages 8, 10, 12 (Mar. 16, 2009).

The regulation and program statement are reasonable and consistent with the BOP's discretionary authority. *See Lopez v. Davis,* 531 U.S. 230 (2001) (upholding a prior BOP regulation excluding inmate convicted of drug offense with two-level sentencing enhancement for possession of a firearm from receiving RDAP sentencing reduction), *Vinasco v. Bauknecht,* 200 F. App'x 878, 881 (11th Cir. 2006) (same but with money laundering offense where firearm was carried but no enhancement imposed). Therefore, Romero has not shown any error with the BOP's determination that he is ineligible to receive one year off his sentence based on the § 2D1.1 firearm adjustment.

Romero's argument that he should receive the same early release incentive as other inmates because he was eligible to participate in RDAP lacks merit. Romero is in the same position as the defendant in *Lopez*, who was eligible to participate in RDAP but categorically ineligible for early release. *Lopez*, 531 U.S. at 719-20. Romero can participate in RDAP but cannot receive the early release incentive because he is ineligible.

Next, Romero's suggestion that he should receive early release in fairness because he was forced to participate in RDAP must fail. By statute, the BOP is

directed to "make available appropriate substance abuse treatment to each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Romero has not alleged that any of the adverse consequences for a refusal to participate in RDAP "imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life" so as to remove the adverse consequences from the realm of normal prison management issues. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In other words, Romero does not allege he was threatened with the denial of anything that he had a protected right to receive. Furthermore, the threat of consequences for refusal to participate is allowable because participation in RDAP is reasonably related to a legitimate governmental objective of rehabilitation. *See Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006) (compelled participation in Inmate Financial Responsibility Program does not violate due process). There is nothing about "refusal to program" status that would warrant granting Romero early release.

Finally, Romero's claim that the BOP improperly relied on acquitted conduct is wrong. Acquitted conduct does not include uncharged or dismissed conduct. *See United States v. Shanks*, No. 24-12247, 2025 WL 1621179, at *3-4 (11th Cir. June 9, 2025) (citing official commentary and noting the particular significance the law attaches to an acquittal in contrast to conduct not charged or passed upon by a jury).

Regardless, the BOP is not prevented from considering Romero's possession of a firearm in connection with his drug conspiracy offense in determining that early release is contrary to public safety. *See Lopez*, 531 U.S. at 239-40 (agreeing with the BOP's policy to deny early release to all inmates who possessed a firearm in connection with their current offense based on public safety concerns).

Accordingly, it is respectfully RECOMMENDED:

1. Romero's petition under 28 U.S.C. § 2241 (ECF No. 1) be DENIED.

2. The clerk be directed to close the case file.

Done on July 23, 2025.

                                      s/ *Midori A. Lowry*
                                      Midori A. Lowry
                                      United States Magistrate Judge

## NOTICE TO THE PARTIES

This case was referred to a magistrate judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.